SMITH v. BRYAN. (No. 5923.)

(Court of Civil Appeals of Texas. Austin. May 1, 1918. Rehearing Denied June 12, 1918.)

1. TRIAL &⇒194(1), 240—INSTRUCTIONS—REFUSAL OF INSTRUCTIONS.

Instructions which are argumentative and in violation of the statute prohibiting comment on the weight of the evidence are properly refused.

2. TRIAL &⇒229—REQUESTED INSTRUCTIONS—REPETITION.

Where the pleadings charged that an arbitrator had acted fraudulently, it was not error for the court to instruct, in response to a question by the jury as to whether or not the arbitrator's decision would be binding if he was interested or partial, that a decision by the arbitrator would be binding unless he acted fraudulently and in bad faith, although substantially a repetition of what had been stated in the main charge; the instruction following issues presented by the pleadings.

3. TRIAL &⇒251(1)—INSTRUCTIONS—ISSUES.

Instructions relating to issues not presented by the pleadings are properly refused.

4. APPEAL AND ERROR &⇒1064(1)—REVIEW—INSTRUCTIONS.

Giving an instruction which has the effect of withdrawing an issue not raised by the testimony is not cause for reversal.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Proceedings between William Smith and Alva Bryan. From a judgment for Bryan, Smith appeals. Affirmed.

R. O. Stotter, of Waco, for appellant. John Maxwell and W. L. Eason, both of Waco, for appellee.

KEY, C. J. This is a county court case, and as the questions presented are neither novel nor difficult no elaborate opinion will be written.

The first and second assignments of error complain of alleged omissions in the court's charge, and do not claim that the charge contained affirmative error. It is not necessary to cite any of the numerous decisions which hold that such assignments do not point out reversible error.

[1] The third and fourth assignments complain of the action of the trial court in refusing to give two special charges requested by appellant. These charges were properly refused. One of them embodied an unsound proposition of law; and the other was argumentative, and would have violated the statute which prohibits a trial judge from commenting upon the weight of testimony in charging a jury.

[2] The fifth assignment complains of the charge given by the court in response to a request made by the jury. One of the issues in the case was that of arbitration, and appellant charged in his pleading that, if the matter in controversy had been submitted to arbitration, the arbitrator had acted fraudulently, but did not charge that he was interested or partial. The question submitted to the court by the jury was whether or not the decision of the arbitrator would be binding upon the parties, if he was interested and partial; and in response to that question the court instructed the jury, as it had previously done, that a decision by the arbitrator would be binding upon the parties unless he acted fraudulently and in bad faith; but, if he acted fraudulently and in bad faith, his decision would not be binding. That charge

followed the issues as presented by the pleading, and while it was substantially a repetition of what had been stated in the main charge, still we do not think the case should be reversed for that reason.

[3] The sixth assignment complains of the action of the court in refusing to give a requested instruction; and we overrule that assignment because the instruction referred to related to an issue not presented by the pleadings.

[4] The seventh and last assignment of error complains of the action of the court in giving a special charge requested by the appellee; the contention being that the effect of the charge was to withdraw from the jury the issue of fraud. If it be conceded that the charge referred to is subject to the construction placed upon it by appellant, we do not think the case should be reversed, because, in our opinion, there was no testimony raising the issue of fraud; and therefore it was not necessary that that issue should have been submitted to the jury.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.